UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DUSTIN HAVENS, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-37-HAB-SLC |
| CHRIS NEWTON, DEBBIE MEIER, and ASHLEY TERIGLE, | |
| Defendants. | |

OPINION AND ORDER

Dustin Havens, Sr., a prisoner without a lawyer, filed an amended complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Havens alleges he is being denied constitutionally adequate medical treatment, but he also declares under penalty of perjury that "this event is grievable, but I did not file a grievance because the jail staff ignores medical requests and grievances. I have a few times with no prevail. I also voiced my concerns and pains to Deb, Ashley, and multiple other officers." ECF 6 at 5. Havens believes it would be futile to file a grievance

because he has tried before and been unsuccessful in obtaining relief, but "No one can know whether administrative requests will be futile; the only way to find out is to try." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). <u>Exhaustion is necessary even</u> if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or <u>if the prisoner believes that exhaustion is futile</u>.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (emphasis added) (citations omitted). There is not even an "exception for prisoners who allege 'imminent danger' . . . ." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Therefore, this case cannot proceed.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile.

*Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

    For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §. 1915A.

    SO ORDERED on February 23, 2024.

                                            s/ Holly A. Brady  
                                            CHIEF JUDGE  
                                            UNITED STATES DISTRICT COURT